IN THE MATTER OF THE PETITION OF V. B. DEPIERRIS TO VACATE AN ASSESSMENT, ETC.

*Charter of New York — sect.* 20 *of chap.* 137 *of* 1870 — *The three days' notice need only be published before a vote is taken in the board in which the resolution originated.*

The provision of section 20 of the charter of the city of New York (chap. 137 of 1870), to the effect that no vote shall be taken in either board of the common council, upon the passage of a resolution or ordinance contemplating any specific improvement, "until after such notice shall have been published at least three days," only applies to the passage of the resolution or ordinance in the board in which it is originally introduced and not to its subsequent passage in the other board.

APPEAL from an order made at Special Term vacating an assessment for paving Twenty-first street, between Sixth and Seventh avenues in the city of New York.

*J. A. Beall*, for the City of New York, appellant.

*P. A. Hargous*, for the petitioner, respondent.

BRADY, J. :

The petitioner seeks to vacate the assessment upon his lot on the ground that the proceedings of the common council were not published as required by law. The proof shows that ordinances in reference to the contemplated improvement which had been previously adopted by the board of aldermen, and by a three-fourth vote, was introduced in the board of assistant aldermen on the

8th of April, 1872, and adopted on the eleventh of April the same year ; that the Daily Transcript was at that time the official newspaper, designated pursuant to chapter 574 of the Laws of 1871, and that the ordinance was not published in the Transcript between the 8th and 11th days of April, 1872, but was published on the eleventh of April of the same year.

The provisions of the charter of 1870 as to the publication suggested are contained in section 20, which is as follows :

" § 20: It shall be the duty of the clerks of the respective boards to publish all resolutions and ordinances, and amendments thereof, which shall be introduced or passed, and also the final proceedings, except such parts as may require secrecy ; and no vote shall be taken in either board upon the passage of a resolution or an ordinance which shall contemplate any specific improvement, or involve the sale, disposition or appropriation of public property, or the expenditure of public moneys or income therefrom, or levy any tax or assessment until after such notice shall have been published at least three days ; and whenever any vote shall be taken such resolution or ordinance shall, before the same shall be sent to the other board, or to the mayor, and immediately after the adjournment of the board at which the same shall have been passed, be published, with the yeas and nays, and with the names of the persons voting for and against the same, as part of the proceedings ; and no resolution or ordinance which shall have passed one board shall be acted upon by the other board on the same day."

The construction of this section seems to be quite obvious. It is that no original vote shall be taken in either board, on the passage of a resolution or ordinance which shall contemplate any specific improvement, until notice of it shall have been published at least three days, and this publication relates to the board originally acting upon it. The language of the section is " until after such notice," and such notice relates to the publication of the resolution or ordinance before its passage in the board first voting upon it. It will be perceived, on reading the section, that no other notice is specified and no other notice suggested. It shall be the duty of the clerks of the respective boards to publish all resolutions and ordinances, and amendments thereof, which

shall be introduced or passed, and in regard to certain resolutions and ordinances specified, no vote shall be taken on their passage "until after such notice," *i. e.*, the publication of the resolution or ordinance introduced. This is made the more apparent as the design of the section, from the further provision that whenever any vote shall be taken, and as an additional requirement to its validity the resolution or ordinance shall be sent to the *other* board or the mayor and, immediately after the adjournment of the board at which it shall have been passed, be published, with the ayes and nays and the names of the persons voting for and against it, as part of the proceedings, and that no resolution or ordinance which shall have passed one board shall be acted upon by the other board on the same day.

The latter provision prohibits the passage of the ordinance or resolution on the same day, and therefore contemplates the passage on the following day, and in order that it may be so passed requires immediate publication of it in order to carry out the theory of publication. It is impossible to entertain logically the proposition that after the resolution had passed one board it should be published for three days before the other board could act upon it, in view of the provision that, having passed one board, it should not be acted upon by the other board on the same day.

The object of publication before the introduction of the resolution or ordinance is to advise the public of the project in view, in the first instance, in order that any objections against it may be presented, either by direct interviews with the members of the board in which it is to be introduced, or by written communication, or by comments of the public press. The statute in regard to the three days' publication of notice is directed, therefore, to the inception of the improvement contemplated, and the other publication, namely, after its passage is to prevent too rapid legislation, and, by the delay for publication, to afford some opportunity to the members constituting the other board to examine, or to understand, or both, the features, extent and effect of the ordinance.

The chief object of this element of the charter of 1870, as said in *The Matter of Conway* (62 N. Y., 504), was to prevent

the adoption of ordinances until they had been published for at least three days. For these reasons, we think that the publication on the eleventh, and prior to the passage of the ordinance by the board of assistant aldermen, was a compliance with the statute, and, consequently, the ordinance was valid. The order appealed from must therefore be reversed.

DAVIS, P. J., and BARRETT, J., concurred.

Order reversed.